IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRUIST INVESTMENT SERVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> GARY KURTZ and MICHAEL CAMPOS, <br><br>     Defendants. | : <br> : <br> : <br> : <br> :  CASE NO. 3:22-3899-SVH <br> : <br> : <br> : <br> : <br> : |

## CONSENT ORDER FOR PRELIMINARY INJUNCTION

**AND NOW**, this first day of December 2022, upon agreement of the parties, it is hereby ORDERED that a PRELIMINARY INJUNCTION against Defendants, Gary Kurtz ("Kurtz") and Michael Campos ("Campos") (collectively "Defendants"), and in favor of Plaintiff, Truist Investment Services, Inc. ("TIS"), is GRANTED; and it is hereby ORDERED that Defendants, any and all other persons or entities acting by or through or in concert with the Defendants, be enjoined and restrained, as follows:

  1. Defendants, and anyone acting in concert with them, shall immediately return to TIS (1) all customer information and records, beyond what is permitted by the Protocol for Broker Recruiting (attached hereto as Exhibit "A"), whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in any way whatsoever, and (2) all information retained on any Protocol for Broker Recruiting Lists ("Protocol Lists") regarding the Identified Customers listed on Exhibit "B" submitted herewith under seal.

  2. Defendants are immediately enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of their new employer, D.A. Davidson & Co., from:

      (a)      Retaining any TIS customer information beyond what is permitted by the Protocol for Broker Recruiting, whether in original, copied, handwritten, electronic, computerized, or other form;

      (b)      Using, disclosing, or transmitting TIS customer information beyond what is permitted by the Protocol for Broker Recruiting for any purpose, including the solicitation of and contact with clients; and

      (c)      Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between or among the parties, any TIS customer information or other documents (including data or information maintained in computer media) in Defendants' possession or control that were obtained from or contain information derived from any TIS records.

3.      It is further Ordered that Defendant Campos be immediately enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of his new employer, D.A. Davidson & Co., from soliciting, or initiating contact or communication with, any and all TIS Identified Customers listed on Exhibit "B" and any and all other TIS Customers not included on his Protocol List, including initiating contact for the purpose of announcing his new affiliation or for the purpose of inviting, encouraging, or requesting the transfer of any accounts or business patronage from TIS.

4.      It shall not be a violation of this Order for Defendants to each retain an amended Protocol List from which all information concerning the Identified Customers listed on Exhibit "B" submitted herewith under seal has been permanently deleted and removed ("Amended Protocol List"). Further, it shall not be a violation of this Order for Defendants to use the Amended Protocol List consistent with the terms of the Protocol for Broker Recruiting.

5.      This Order shall remain in full force and effect until further order of this Court, with the exception of Paragraph 3, which shall remain in full force and effect until further order of this Court or until October 24, 2023, whichever occurs earlier.

6.      The Parties waive the necessity of a bond.

7. Nothing contained in this Order shall prohibit Defendants from: (a) returning phone calls to, responding to emails from, or attending meetings requested by TIS Customers; (b) processing account transfer requests from TIS Customers or doing business with TIS Customers after their account(s) transfer to Defendants.

8. Following the entry of this Order, this litigation will be administratively stayed pending FINRA arbitration, including but not limited to Defendants filing of their Answer and/or other responses to Plaintiff's Complaint.  The Parties agree that the expedited hearing pursuant to FINRA Code of Arbitration Procedure for Industry Disputes Rule 13804(b)(1) is not necessary and shall not be held, and the parties shall agree to the entry of a stipulated injunction granting permanent injunctive relief (in substantially similar form to this order) at such time as a panel of arbitrators has been appointed in the FINRA matter.  This arbitration shall proceed on a non-expedited basis on all remaining issues.

9. The entry of this Order shall not constitute or be construed as an admission of any factual allegations, legal claims, liability, waiver, or an acknowledgement of any wrongdoing or concession by any party.  The entry of this Order further does not make or constitute any findings of facts or any conclusions of law regarding any of the matters at issue in this litigation or FINRA Arbitration.

IT IS SO ORDERED.

December 1, 2022                                        Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge